# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DIRECTV, INC.<br><br>              Plaintiff,<br><br>vs.<br><br>LUIS BURON, et al.<br><br>              Defendant. | Civil Action No.: 10-6805 (PGS)<br><br><br>MEMORANDUM |

This matter is opened to the Court on a motion to enter default judgment against LCJD, LLC, d/b/a Jimmy Jim's Grill and two officers and managers of Jimmy Jim's Grill in their individual capacity, namely Luis Buron and Julio Castillo. Initially it should be noted that the action against Luis Buron is stayed due to his filing in Bankruptcy Court.

The motion asserting that judgment should be granted against Julio Castillo is troublesome. DIRECTV argues that Mr. Castillo is a manager of Jimmy Jim's Grill, ans as a result, judgment should be entered.

Evidently, DIRECTV offers television programming to residential and business customers on a subscription and paid-per-view basis through its satellite hardware. DIRECTV offers to each customer those channels to which the customer has subscribed[1]. In addition, DIRECTV offers its subscribers numerous exclusive premium sports subscriptions including, "NFL Sunday Ticket™", DIRECTV customers who subscribe to NFL Sunday Ticket™ can access up to 14 "out of market" games each week during the NFL season. Without an NFL Sunday Ticket™ subscription, viewers are limited to the games being broadcast locally.  The price of the NFL Sunday Ticket™ differs for

---

[1]      These facts are incorporate from Kurt Mader, Vice President of DIRECTV submitted by Plaintiff.

residential and commercial subscribers. Commercial users like Jimmy Jim's Grill would pay for more than a resident.

DIRECTV's residential and commercial subscribers use the same satellite receiving equipment to receive DIRECTV programming signals. Consequently, commercial establishments interested in receiving commercial programming at residential pricing may move satellite hardware listed on a residential account to their commercial establishment without the knowledge or consent of DIRECTV. Misappropriating residential DIRECTV programming for use in a commercial establishment allows commercial establishment owners to publicly exhibit DIRECTV programming at substantially lower cost.

In order to combat commercial use of its programing signals, DIRECTV engages investigators and auditors who assist with identifying establishments that unlawfully exhibit DIRECTV residential programming in a commercial setting.

On December 13, 2009, an auditor of DIRECTV observed five (5) televisions in Jimmy Jim's Grill which were exhibiting five (5) NFL games for public viewing. Jimmy Jim's Grill has an estimated occupancy of 100 patrons.

After receiving the auditor's report, DIRECTV conducted a search of its records and determined there was no DIRECTV commercial account for Jimmy Jim's Grill authorized to receive the above referenced games through DIRECTV's NFL Sunday Ticket™ 2009 commercial programming.

Moreover, DIRECTV learned that residential account number *****458 in the name of Luis Buron was originally activated on March 30, 2008. The account records verify NFL Sunday Ticket™ 2009 was purchased at a residential rate. Thus, there was no DIRECTV commercial account for Jimmy Jim's Grill that was authorized to receive DIRECTV NFL Sunday Ticket™. Although

DIRECTV can not pursue Buron due to his bankruptcy filing, the Plaintiff seeks judgment against Mr. Castillo as a manager of the Jimmy Jim's Grill. As opposed to Buron, there is no evidence that Mr. Castillo had any involvement in the unauthorized movement of the DIRECTV receiving equipment from Buron's residence to Jimmy Jim's Grill.

Therefore, Plaintiff seeks damages under 47 U.S.C. §605 against Castillo through his default because he has admitted that he illegally interpreted the scrambled transmission of the NFL Sunday Night Ticket™ for private financial gain or commercial advantage.

The Plaintiff argue that Castillo, a corporate officer "had the ability to supervise [the intercepting] activity and has a financial interest in that activity, or who personally participated in that activity, is personally liable for the [interception]." Therefore, Julio Castillo should be held liable herein. *Joe Hand Promotions v. Kaczmar*, 2008 U.S. Dist. Lexis 88199 (N.D. Ill., October 29, 2008). Although the Court does not disagree with Plaintiff's argument, here there are no facts upon which to apply the argument. Generally, a party seeking default judgment "is not entitled to a default judgment as of right . . . [and] before entering a default judgment, the Court must decide whether the unchallenged facts constitutes a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Ford v. Consigned Debts & Collections, Inc.*, 2010 WL 5392643 (D.N.J. Dec 21, 2010), *See also Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008). Hence, the request for default judgment against Castillo in an individual capacity is denied due to a lack of factual basis to show Castillo contributed to the illegal interception of signals. *See Fonovisa, Inc. v. Cherry Auction, Inc.,* 76 F. 3d 259 (9th Cir. 1996).

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

July 21, 2011